IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RALPH GARCIA, JR., § | | |
| TDCJ #701195, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-2052 |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

The petitioner, Ralph Garcia, Jr. (TDCJ #701195), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Garcia has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the result of a prison disciplinary conviction. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

### I.   BACKGROUND

Garcia discloses that, on July 22, 1994, he was convicted of aggravated sexual assault in cause number 9-02-00140-CR. He received a 20-year prison sentence in that case from the 9th District Court of Montgomery County, Texas. He remains incarcerated at the Wynne Unit in Huntsville.

Garcia does not challenge his underlying conviction here. Instead, Garcia challenges the result of a prison disciplinary proceeding lodged against him at the Wynne Unit. Garcia, who has provided a memorandum in support of his petition, explains that he was charged in disciplinary case #20110183612 with committing "fraud" in violation of prison rules. According to the TDCJ Disciplinary Report and Hearing Record, Garcia was accused of using false information in the form of forged signatures from two officers in an attempt to obtain a radio from the commissary. After a disciplinary hearing on March 8, 2011, Garcia was found guilty as charged. As punishment, the disciplinary hearing officer restricted Garcia to his cell and curtailed his commissary privileges for 15 days. Garcia was also reduced in classification status from S-3 to S-4. Garcia filed a step 1 and step 2 grievance to challenge the conviction, but his appeal was unsuccessful.

In the pending petition, Garcia contends that he is entitled to relief from the disciplinary conviction because he was denied his right to due process. He claims, in particular, that he did not commit fraud as defined by federal or state penal law, that the evidence was both legally and factually insufficient to support a conviction, and that the counsel substitute who represented him at the hearing was ineffective. For reasons set forth below, however, the Court finds that Garcia fails to state an actionable claim under the standard of review that governs disciplinary proceedings in the prison context.

## II.     PRISON DISCIPLINARY PROCEEDINGS

Garcia seeks a federal writ of habeas corpus to challenge the result of a prison disciplinary conviction that resulted in the loss of privileges and a reduction in status.

The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, a habeas corpus petitioner must establish a constitutional violation in order to prevail. Garcia's claims are addressed below to determine whether he makes the requisite showing.

### A. Ineffective Assistance of Counsel

Garcia claims that he was denied his right to effective assistance of counsel in connection with his disciplinary conviction. It is well established that the Sixth Amendment guarantees criminal defendants the right to have the assistance of counsel at trial. *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Claims for ineffective assistance of counsel, however, are dependent upon the right to counsel. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam) (holding that absent a constitutional right to counsel, there can be no deprivation of the right to effective assistance of counsel); *United States v. Palomo*, 80 F.3d 138, 141 n.5 (5th Cir. 1996) (citations omitted) (same). Inmates have no right to retained or appointed counsel at prison disciplinary proceedings. *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976). Because Garcia had no right to counsel at his disciplinary proceeding, his ineffective-assistance claim fails as a matter of law.

**B.     Due Process**

Garcia's remaining claims, which take issue with the sufficiency of the charges and the evidence, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Garcia complains that the reduction in his time-earning classification will affect the amount of good-time credit that he earns. He does not, however, identify any particular right found in the Due Process Clause. To the extent that the disciplinary conviction may affect his eligibility for early release from prison, the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Under these circumstances, Garcia's petition depends on the existence of a constitutionally protected liberty interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See*

*also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release.[1] *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). It follows that a Texas prisoner cannot demonstrate a constitutional violation without first establishing (1) that he is eligible for early release on mandatory supervision; and (2) the disciplinary conviction at issue resulted in a loss of credit for good conduct (*i.e.*, good-time credit). *See Malchi*, 211 F.3d at 957-58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Garcia cannot demonstrate a constitutional violation in this case because, as he concedes in his petition, he did not lose any good-time credits as a result of the challenged prison disciplinary conviction. This is fatal to his due process claims. *See Malchi*, 211 F.3d at 957-58. Although the disciplinary conviction at issue resulted in a

---

[1] There are two ways in which a state prisoner becomes eligible for early release from confinement in Texas. The first is by "parole" and the second is by release on "mandatory supervision." *See* TEX. GOV'T CODE § 508.001(5)-(6) (Vernon 2004). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007).

loss of privileges and a reduction in classification status, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed on privileges are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id*. Likewise, reductions in a prisoner's custodial classification and the potential impact on good-time credit earning ability are too attenuated to be protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Because the sanctions at issue do not implicate a protected liberty interest, Garcia cannot demonstrate a violation of the Due Process Clause.

In summary, Garcia does not indicate that he was convicted of a prison disciplinary offense or punished in violation of the Due Process Clause or any other constitutional provision. Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Thus, the pending federal habeas petition must be dismissed.

### III. <u>CERTIFICATE OF APPEALABILITY</u>

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at

28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional

7

claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.     CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Docket No. 3) is **GRANTED**.

2. The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas this 8th day of June, 2011.

_____

Kenneth M. Hoyt
United States District Judge